## WARE et al. v. KERWIN.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

1. REAL-ESTATE AGENTS—COMMISSIONS—QUESTION FOR JURY.

In an action by real-estate brokers to recover commissions, there was evidence on behalf of plaintiffs that they had been employed by defendant to effect a sale; that they first called the house to the attention of the person who afterwards bought it, and notified defendant of the fact; and that while they were still conducting the negotiations defendant agreed with them that if they would, as they thereafter did, abstain from further efforts, he would pay them one-half commissions upon the sale when effected. Upon the question whether they had any part in the transactions, and whether defendant made the agreement sued on, there was a conflict of evidence. *Held,* that these were questions for the jury, and that a motion to dismiss the complaint was properly denied.

2. SAME—CONSIDERATION OF CONTRACT.

To maintain such an action upon the agreement for half commissions, it was not necessary for plaintiffs to show that they were the procuring cause of the sale, their efforts already made constituting a sufficient consideration for the agreement.

Appeal from trial term.

Action by William Ware and another against Andrew J. Kerwin. From a judgment for plaintiffs, defendant appealed. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. Burr Chalmers, for appellant.

Arnold C. Weil, for respondents.

INGRAHAM, J. The only exception relied on by the defendant is to the denial of the motion to dismiss the complaint on the ground that no cause of action against the defendant had been shown. The cause of action is not one to recover on a quantum meruit for services as a broker, but it is based upon an express contract, by which it is alleged that the defendant promised to pay to the plaintiffs one-half commissions upon the sale of the defendant's house when such

a sale was effected, which agreement was based upon the plaintiffs' promise to abstain from any further efforts to consummate the sale. The defendant conceded that the plaintiffs had been employed as brokers to sell the house in question, and the plaintiffs claimed that they were entitled to commissions upon the sale of the house, and that they had had some negotiations with the purchaser of the house in question. There was evidence on behalf of the plaintiffs to sustain their contention that they had first called the purchaser's attention to the house, had negotiated with him for its purchase from the defendant, had made an appointment with the defendant to meet at the house for the purpose of effecting the sale, and that subsequently, on March 22, 1894, the defendant requested the plaintiffs to abstain from any further efforts to effect the sale, and agreed that, in case of a sale, he (defendant) would pay to the plaintiffs one-half commissions. This agreement was denied by the defendant. The purchaser also denied that the plaintiffs had called his attention to the house, or had had anything to do with the negotiations which led up to its purchase by him. The questions, both as to the inception of the negotiations by the plaintiffs and the agreement between the plaintiffs and the defendant, were for the jury, and the court would not have been justified in dismissing the complaint or directing a verdict for the defendant. Nor was the verdict against the weight of evidence. To sustain a recovery by the plaintiffs upon this contract, it was not necessary for the plaintiffs to show that they were the procuring cause of the sale which was subsequently made. It was sufficient for them to establish the fact that they had occupied the relation of broker in respect to the sale of the house, had been employed by the defendant to effect such a sale, had first called the attention of the purchaser to the house, had notified the defendant of that fact, and that they were then, at the time of the making of this contract of March 22, 1894, conducting the negotiations. A contract by the defendant, then, to pay the plaintiffs one-half commissions in case he actually sold the house, without further action on their part, was based upon a valid consideration, as an agreement to pay for the services which had been rendered; and the question whether such services had been rendered, and whether this agreement had been made, was for the jury, and we do not think that we would be justified in disturbing their verdict. The defendant does not rely upon any of the exceptions to the admission or rejection of evidence taken upon the trial, and it is therefore unnecessary for us to discuss them.

Upon the whole case, we think that the judgment should be affirmed. All concur.